1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

11   FELIPE ROMAN HOLGUIN,                **1:21-cv-01586-GSA-PC**

12                    Plaintiff,           **ORDER TO SHOW CAUSE WHY THIS
                                           ACTION SHOULD NOT BE DISMISSED AS**
13           v.                            **BARRED BY** *HECK V. HUMPHREY***, 512 U.S.
                                           477 (1994) and** *EDWARDS v. BALISOK***, 520**
14   MADERA COUNTY JAIL                    **U.S. 641 (1997).**
     CAPTAIN 2015, et al.,
15                                         **(ECF No. 11.)**
                     Defendants.
16                                         **30 DAY DEADLINE**

17

18

19           Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20   *pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 8, 2022, Plaintiff

21   filed his First Amended Complaint.  (ECF No. 11.)

22           Plaintiff complains of having been wrongly charged, found guilty of manslaughter, and

23   sentenced to 25 years to life.  Plaintiff alleges that he is innocent of this charge, he was not

24   allowed copies of discovery or other legal materials, and he was not informed of crucial evidence

25   by his public defender.  Plaintiff also alleges that he lost custody of his kids in a civil case because

26   he was denied all legal materials.

27           Plaintiff names as defendants four members of the Madera County correctional staff for

28   denying him access to legal materials while he was in custody at the Madera County Jail.  Plaintiff

seeks an order declaring that his constitutional rights to due process and a fair trial were violated and awarding him monetary damages.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

The First Amended Complaint does not contain any allegations showing that Plaintiff's finding of guilt has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **February 9, 2022**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28