# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>    Plaintiff,<br><br>        vs.<br><br>MADERA COUNTY JAIL CAPTAIN 2015, et al.,<br><br>    Defendants. | **1:21-cv-01586-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S § 1983 CLAIMS SHOULD NOT BE DISMISSED FROM THIS CASE AS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**<br><br>**30 DAY DEADLINE** |

## I.    BACKGROUND

Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 28, 2021.  (ECF No. 1.)   On January 12, 2022, the Court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim and violation of Rule 8 of the Federal Rules of Civil Procedure, with leave to amend.  (ECF No. 10.)  On February 8, 2022, Plaintiff filed the First Amended Complaint.  (ECF No. 11.)

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.   Allegations

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events at issue in the First Amended Complaint allegedly occurred at Madera County Jail in Madera, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Officer Luz, Officer Townsen, and Captain-2015 ("Defendants").  Defendants were all members of the Madera County Jail correctional staff when the events at issue allegedly occurred.

The gravamen of Plaintiff's First Amended Complaint is that he was denied a fair trial because Officers Luz, Townsend, and Captain-2015 at the Madera County Jail refused to allow him access to the law library or any legal materials.

A summary of Plaintiff's allegations follow:

Plaintiff was incarcerated at the Madera County Jail on or about July 15, 2015. The next day, he requested penal code books, lawsuit forms, and injunction forms because his wife and children had been harassed by a Madera Police Officer Garribay. Defendants Luz and Townsend denied Plaintiff's requests. This was before Plaintiff had an attorney (Public Defender) for his criminal trial.

Plaintiff was also denied access to legal materials by Defendants to assist him as a *pro per* litigant in court proceedings, and he lost custody of his children.

The Public Defender requested the prosecution to disclose discovery of the case so Plaintiff could see what he was facing and the evidence against him. When Plaintiff went to the shower, jail staff went into Plaintiff's cell and confiscated the discovery documents, leaving Plaintiff without discovery. Plaintiff had trial the following week. Plaintiff was made an offer of 14 years no life for manslaughter, but he did not have information he needed to judge whether to accept the offer and later had to accept an offer of 25 years to life.

## B.  Plaintiff's § 1983 Claims – Legal Standards[1]

### 1.  Rights of Pretrial Detainees

Plaintiff was a pretrial detainee at the time of the events at issue. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause

---

[1] Plaintiff also alleges that denial of his access to courts interfered with his criminal proceedings, causing him to be convicted and sentenced. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Therefore, Defendants' interference with Plaintiff's criminal proceedings can only be challenged in a petition for writ of habeas corpus and not in this § 1983 case.

3

rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment.  See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441 U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012).  Order and security are legitimate penological interests.  See White, 901 F.2d at 1504.

### 2.    Access to Courts -- First and Fourteenth Amendments

Plaintiff alleges that Defendants, who were officers at the Madera County Jail, denied him access to legal materials he needed to prepare for Court proceedings as a *pro se* litigant, and as a result he lost custody of his children.

Prisoners have rights to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process.  Lewis v. Casey, 518 U.S. 343, 350 (1966); Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).  Inmates have a fundamental, constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817 (1977), *abrogated in part,* Lewis, 518 U.S. 343.

Interference with an inmate's access to the court constitutes a First Amendment violation. Lewis, 518 U.S. at 346, 350.  Bounds made clear that inmates have "a *reasonably adequate* opportunity to present claimed violations of fundamental constitutional rights to the courts."

Bounds, 430 U.S. at 825 (emphasis added).  However, an inmate alleging denial of access to the court cannot establish a claim simply by establishing the law library or legal assistance is subpar in a theoretical sense.  Lewis, 518 U.S. at 351.  Rather, a prisoner must allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a legal claim.

The injury requirement "is not satisfied by just any type of frustrated legal claim."  Id. at 354.  Rather, the types of legal claims protected are limited to direct criminal appeals, petitions for writ of habeas corpus, and civil rights actions brought under section 1983 to vindicate basic constitutional rights.  See id. (citations omitted).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. at 355 (emphasis omitted).

### 3.   Fourteenth Amendment Conditions of Confinement Claim

The elements of a pretrial detainee's Fourteenth Amendment conditions of confinement claim against an individual defendant are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take objectively reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (alteration in original) (footnote, citation, and internal quotation marks omitted); see also Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018); Watkins v. Tuolumne Cty. Jail, 2019 WL 2177642, at *5 (E.D. Cal., May 20, 2019).

## IV.   STATUTE OF LIMITATIONS

In federal court, federal law determines when a claim accrues, and "under federal law, a

5

claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc., § 335.1. See Jones, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1. Thus, prisoners are allowed a four-year time period in which to file a § 1983 case (2 years statute of limitations + 2 years tolling = 4 years). In addition to the four years, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc.

v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint.

Based on Plaintiff's allegations in the First Amended Complaint, it clearly appears that the statute of limitations for Plaintiff's injuries resulting from his § 1983 claims expired in 2019, and certainly not later than the end of 2020, thus more than four years after he was denied access to documents and legal materials needed to litigate his civil cases.[2]  Plaintiff did not file this lawsuit until October 28, 2021, which was after the four-year statute of limitations expired.

Importantly, it also appears that the limitations period was not tolled beyond four years while Plaintiff exhausted his remedies because he did not exhaust his remedies.  In the First Amended Complaint Plaintiff alleges that he had no ability to exhaust his administrative remedies at the Madera County Jail ("Jail") in 2015 because there was no grievance/appeal process available.  (ECF No. 11 at 8.)  Plaintiff states that the Jail only supplied him with inmate request forms for the purpose of making requests.  (Id.)  Assuming, but not conceding, for the moment that this was true, then in such a situation Plaintiff would have been excused from complying with the PLRA's exhaustion requirement as he presumptively has established that the existing administrative remedies were effectively unavailable to him.  (See Albino, 747 F.3d at 1172–73).

Plaintiff has submitted copies of request forms that he submitted at the Jail, dated 8/28/15 (request to check out penal code book and for civil lawsuit forms), 9/10/15 (request for penal code book and every other law book or access to law library), 9/11/15 (request to clear private counsel phone numbers due to *pro per* status, request for free envelopes and penal code law books), 9/17/15 (notice that Plaintiff has had *pro per* status for a week, and request for penal code book), 9/29/15 (request for phone number to be cleared for *pro per*, and request to see the legal penal code book), and 12/20/15 (request for return of legal paperwork taken from Plaintiff's cell on 12/9/2015).  (ECF No. 15 at 5-10.)

---

[2] Plaintiff alleges in his response to the Court's prior order to show cause that on December 9, 2015, staff went into his cell, stripping his cell of all legal material, which included legal questions and answers to and from an attorney and all of Plaintiff's legal strategy plans and tactics. (ECF No. 15 at 2:9-12.)

Court records from other cases filed at this court by Plaintiff further demonstrate that Plaintiff is not entitled to tolling of the statute of limitations beyond four years. The Court takes judicial notice of the two petitions for writ of habeas corpus filed by Plaintiff at this Court:

(1)     Case no. 1:19-cv-00380-LJO-SKO (Holguin v. On Habeas Corpus) ("case 380"); and

(2)     Case no. 1:20-cv-01715-DAD-HBK (Holguin v. Pfeiffer) ("case 715").

In "case 380," Plaintiff states that he was convicted on February 23, 2016 and sentenced on March 29, 2016. (Case 380, ECF No. 1 at 2). In "case 1715," Plaintiff states that he pled guilty on February 23, 2016 and was sentenced on March 29, 2016. (Case 1715, ECF No. 1 at 1-2.) He further starts that he was transferred from the Jail to North Kern State Prison in March 2016. (Id. at 19:19-21.) This further supports the conclusion that Plaintiff did not file this lawsuit before the statute of limitations had expired. As noted above, Plaintiff did not file this lawsuit until October 28, 2021. Therefore, the court finds that Plaintiff's § 1983 claims against Defendants Luz, Townsen, and Captain-2015, appear on the face of the complaint to be barred by the applicable statute of limitations.

Plaintiff shall be granted thirty days in which to file a response to this order showing cause why the § 1983 claims in this case should not be dismissed based on Plaintiff's violation of the applicable statute of limitations.

## V.     ORDER TO SHOW CAUSE

Upon screening of the First Amended Complaint and consideration of Court records and Plaintiff's response to the Court's order to show cause, it appears that Plaintiff's § 1983 claims in this case are barred by the applicable statute of limitations.

Accordingly, **IT IS HEREBY ORDERED** that within thirty (30) days from the date of service of this order, Plaintiff shall show cause in writing why the § 1983 claims in this case should not be dismissed as barred by the applicable statute of limitations. Failure to respond to this order will result in dismissal of this action.

IT IS SO ORDERED.

8

Dated:   **June 29, 2022**                           **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE