**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>                   Plaintiff,<br><br>    v.<br><br>MADERA COUNTY JAIL CAPTAIN 2015, et al.,<br><br>                   Defendants. | 1:21-cv-01586-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 17.)** |

      Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2021, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

      On July 18, 2022, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he lacks adequate access to the law library and his prior judge on appeal and the courts were prejudiced against him. These are not exceptional circumstances under the law. Plaintiff also argues that his case is complex. The court finds that Plaintiff can adequately articulate his claims and respond to court orders. However, based on the record in this case, the court also finds that Plaintiff is unlikely to succeed on the merits of this case. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 22, 2022**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE