UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY JAIL CAPTAIN 2015, et al.,<br><br>　　　　　　　　Defendants. | 1:21-cv-01586-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, AS BARRED BY <u>HECK V. HUMPHREY</u> AND THE STATUTE OF LIMITATIONS**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2021, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On January 12, 2022, the Court screened the Complaint and dismissed the Complaint for violation of Rule 8 of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 10.) On February 8, 2022, Plaintiff filed the

First Amended Complain, which is now before the Court for screening. (ECF No. 11.) 28 U.S.C. § 1915.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Madera County Jail in Madera, California, when Plaintiff was incarcerated there. Plaintiff names as

defendants Officer Luz, Officer Townsend[1], and Captain-2015 ("Defendants"). Defendants were all members of the Madera County Jail correctional staff when the events at issue allegedly occurred.

The gravamen of Plaintiff's First Amended Complaint is that he was denied a fair trial and his rights to a speedy trial because of the actions of Officers Luz, Townsend, and Captain-2015 at the Madera County Jail, which included their refusal to allow him access to the law library, to legal materials and forms, to the courts, and to discovery.

A summary of Plaintiff's allegations follow:

Plaintiff was incarcerated at the Madera County Jail on or about July 15, 2015. The next day, he requested penal code books, lawsuit forms, and injunction forms because his wife and children had been harassed by a Madera Police Officer Garribay [not a Defendant]. Defendants Luz and Townsend denied Plaintiff's requests. This was before Plaintiff had an attorney (Public Defender) for his criminal trial. Plaintiff was also denied access to legal materials by Defendants to assist him as a *pro per* litigant in court proceedings, and he lost custody of his children. The Public Defender requested the prosecution to disclose discovery of the case so Plaintiff could see what he was facing and the evidence against him. When Plaintiff went to the shower jail staff went into Plaintiff's cell and confiscated the discovery documents, leaving Plaintiff without discovery. Plaintiff had trial the following week. Plaintiff was made an offer of 14 years no life for manslaughter, but he did not have information he needed to judge whether to accept the offer and later had to accept an offer of 25 years to life.  Thus, Plaintiff asserts he had to face criminal trial with nothing.  Plaintiff claims violations of access to courts, due process, right to fair trial and cruel and unusual punishment.

Among other things, Plaintiff seeks to have the court review the above facts as true, appoint an attorney to investigate the facts for him, grant judgment in his favor and award him 2.5 million in compensatory damages.

IV. **PLAINTIFF'S CLAIMS**

---

[1] Plaintiff uses two different spellings of this Defendant's name in his complaints, Townsen and Townsend.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010,

1026 (9th Cir. 2008).

   A.  **Heck v. Humphrey[2] Bar**

The gravamen of Plaintiff's complaint centers on events involving his criminal trial, including claims of denial of access to courts, interference with discovery, denial of access to legal forms and law books, interfering with his criminal proceedings, causing him to be convicted and sentenced to 25 years in prison. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). Therefore, Defendants' interference with Plaintiff's criminal proceedings can only be challenged in a petition for writ of habeas corpus and not in this § 1983 case.

On February 10, 2021, the court reviewed the First Amended Complaint and issued an order requiring Plaintiff to show cause why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). (ECF No. 12.) On April 11, 2022, Plaintiff filed a response to the order to show cause. (ECF No. 15.) In his response, Plaintiff complains of having been wrongly charged, found guilty and sentenced to 25 years to life. Plaintiff alleges that he is innocent of this charge, he was not allowed copies

---

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

of discovery or other legal materials, and he was not informed of crucial evidence by his public defender.  Plaintiff also alleges that he lost custody of his children in a civil case because he was denied all legal materials.  Plaintiff also asserts that he recently filed a petition for writ of habeas corpus that is proceeding concurrently with this lawsuit.[3]

However, the First Amended Complaint does not contain any allegations showing that Plaintiff's finding of guilt has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Accordingly, the Court shall recommend that Plaintiff's claims as set forth above be dismissed, with prejudice, as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

### B.     Plaintiff's Remaining Section 1983 Claims -- Statute Of Limitations

Although unclear at best, to the extent that Plaintiff addresses claims arising under 42 U.S.C. § 1983, which are possibly not affected by the **Heck** doctrine discussed above, such as denial of access to courts, denial of due process rights, deliberate indifference, Fourteenth Amendment and freedom from cruel and unusual punishment, these remaining claims are all barred by the applicable statute of limitations and thus should be dismissed as well, with prejudice.

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within

---

[3] The Court take judicial notice that Plaintiff filed two petitions for writ of habeas corpus at this Court, case nos. 1:19-cv-00380-SKO and 1:20-cv-01715-HBK.  Both of these petitions were denied, on June 13, 2019 and September 26, 2021, respectively.  A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc., § 335.1. See Jones, 393 F.3d at 927.  In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law.  See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).

Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows: (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years. Cal. Code Civ. Proc., § 352.1.  Thus, prisoners are allowed a four-year time period in which to file a § 1983 case (2 years statute of limitations + 2 years tolling = 4 years).

In addition to the four years, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a). Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).   In the instant case, the defense appears complete and obvious from the face of the complaint.  Moreover, based on Plaintiff's allegations in the First Amended Complaint, it clearly appears that the statute of limitations for Plaintiff's claims, which occurred sometime prior to April 2016, expired no later than the end of 2020, more than four years prior to the filling of his initial complaint, which was filed October 28, 2021.  In Plaintiff's 1AC he claims he was denied such things as access to the courts, to forms and documents, legal materials and discovery.

### C. Exhaustion of Administrative Remedies

The statute of limitations period for Plaintiff was not initially tolled for purposes of allowing Plaintiff to pursue and complete an Administrative Exhaustion requirement because

7

Plaintiff admits that he did not do so. In the First Amended Complaint Plaintiff alleges that he had no ability to exhaust his administrative remedies at the Madera County Jail ("Jail") in 2015 because there was no grievance/appeal process available. (ECF No. 11 at 8.) Plaintiff states that the Jail only supplied him with inmate request forms for the purpose of making requests. (Id.) Assuming, but not conceding for the moment that this was true, then in such a situation Plaintiff would have been excused from complying with the PLRA's exhaustion requirement as he presumptively has established that the existing administrative remedies were effectively unavailable to him. (See Albino, 747 F.3d at 1172–73; Sapp v. Kimbrell 623 F.3d 813). Thus, the Statute of Limitations for Plaintiff was not tolled for purposes of pursuing and completing an administrative exhaustion requirement as Plaintiff admits he did not for the reasons stated below.

### D. Tolling

Plaintiff claims that this case is not barred by the statute of limitations (See, ECF # 18). Plaintiff argues that he did not know until 2020 that the acts against him by Defendants in refusing him legal materials were illegal. He alleges that Jail officials told him he was not entitled to legal materials, and his attorney (Public Defender) told him that Jail officials were not required to provide him with legal materials. The Public Defender did not help Plaintiff with books, legal material, or even by answering the phone. Plaintiff alleges he was unable to review the evidence for his case until his appeal was exhausted and he received his transcripts from the appeal attorney in 2020. Until then, he did not know the Public Defender lied to him. It wasn't until 2020 that he received discovery and knew about cell phone pinging location maps showing that he was not at the scene of the crime. Plaintiff filed a petition for writ of habeas corpus based on ineffective assistance of legal counsel, which was dismissed in April 2019. Plaintiff contends that the dismissal was caused by staff denying him legal assistance and mail discovery from his attorney. Plaintiff also argues that he suffers from severe mental health issues that could have been used in his defense strategy, but because he was not allowed to study, he did not know these issues could have helped him at trial. While confined in a state mental hospital after trial, Plaintiff did not have access to a law library. Furthermore, he alleges that he is now on proper medication which would have helped him in the past to understand legal issues. Plaintiff also argues that he

needs access to his entire Olsen review from 2015-2022 and the assistance of an investigator for other issues.

None of the arguments above support Plaintiff's contention that the statute of limitations for filing his § 1983 claim(s) has been tolled. Plaintiff's supporting facts all relate to Plaintiff's claims that he was denied a fair criminal trial, and thus barred as § 1983 claims by Heck v. Humphrey (supra). Even so, the complaint herein clearly demonstrates that Plaintiff knew in 2015 that his rights were being violated by Defendants and that he attempted to pursue exhaustion as follows. Plaintiff attempted to file a grievance at the Jail in 2015. As to this, Plaintiff states in the First Amended Complaint, "In Madera County Jail they do not have a grievance appeals process for the year of 2015 and if they did they denied me the ability to access it and the knowledge to exhaust remedies. I filed a [*sic*] inmate request form for the purpose [*sic*] it was all they provided." (ECF No. 11 at 8.) This statement supports the fact that Plaintiff knew at the time that Defendants were violating his rights and he followed up by filing an inmate request form as "they do not have a grievance appeal process". Plaintiff in fact submitted inmate request forms at the Jail in 2015, indicating that he knew he was entitled to materials that Defendants refused to give him. (See e.g., ECF No. 15 at pg 9 ("[i] am intitled [*sic*] all these intitlements [*sic*] as a lawyer representing myself if denied I want to see the legal penal code, so that I may show the Judge and have it cleared. So show me ware [*sic*] it denies me. In legal terms.")) In addition, Plaintiff would have been aware in January 2016 that Defendants were believed to have violated the attorney-client privilege because his public defender filed a request for return of privileged information that had been taken from Plaintiff's jail cell in December 2015. (ECF No. 15 at pg 11:10-12).

**E. Equitable Estoppel due to duress**

Additionally, Plaintiff alleges that he could not file his case on time because he was in constant fear of Madera County Corrections Officers, and "threats and fear from inmates is what kept me from fileing [*sic*]…." (ECF No. 18 at p 4.) Plaintiff claims that he has been assaulted and threatened to this day. Plaintiff states, without factual support, that "…staff correction officer was working with the norteno gang members and was having sexual relationship with high rankin

[*sic*] norteno when they took away discovery pack from me.  And giving to inmates I have been extorted and bullied and threatened and assaulted do[*sic*] to statements made…my family has been threatened…these injury happen then and recently" (ECF No 18, pgs 3 & 4).  Relevantly Plaintiff states, "I have been in constant fear to do anything against Madera County correction officers do[*sic*] to the inmate association the correction officers had with inmates…" (ECF No. 18 p 4). Yet these alleged threats and assaults did not prevent Plaintiff from filing the inmate request form mentioned above, nor from filing two Habeas Petitions in Federal Court involving his Madera County conviction (see, Eastern District of California cases 19cv380 and 20cv1715). Importantly, Plaintiff states that he was transferred out of the Madera County Jail to state prison in March 2016 (see, Eastern District Case  20cv1715, Doc #1, pgs 20-21), thus any claim that his fear continued thereafter seems tenuous at best and must be supported by more than simple supposition and conjecture. Here, Plaintiff fails to explain exactly what information was contained in his confiscated discovery that would cause correctional staff working and norteno gang members to harass, bully and threaten him. Plaintiff has not set forth any facts as to exactly who made the threats and/or assaulted him, what was said during these threats and assaults, where did these threats and assaults occur, and when did they occur. These necessary who, what, when and where facts are all missing.  Significantly, Plaintiff has not established a connection between any of the acts he complains of with any of the named defendants in this action, nor to anyone allegedly acting at their direction.  On this point, and applied by Federal Courts, in California a defendant may be equitably estopped from asserting the Statute of Limitations as a defense if the plaintiff was prevented from timely filing as a result of duress caused by the defendant(s) during the applicable limitations period (See, Sekerke v Hoodenpyle 2021 US Dist Lexis 8501; Ateeq v. Najor 15 CA4th 1351).  For the doctrine of equitable estoppel to apply a plaintiff must show that he was unable to file a timely claim as a result of his ACTUAL AND REASONABLE reliance on the defendant's conduct, or the conduct of persons acting at the direction of the defendants (Sekerke, supra). As stated above, Plaintiff fails to state specifically what information was contained in his discovery that would give rise to the alleged threats/assaults, and further fails to support with facts the existence of any actual threats or harassment caused as a direct

result of that information. The Court is simply left to fill in the missing facts with speculation, which it cannot do. Assumptions, speculation and unsubstantiated conspiratorial assertions cannot act to invoke California's equitable estoppel doctrine to toll the applicable Statute of Limitations.

### V.     Access to Courts -- First and Fourteenth Amendments

Plaintiff alleges that Defendants' interference in his cases caused him to lose the opportunity to bring a harassment claim against a police officer, to be unable to defend himself as a *pro se* litigant at a court hearing in which he lost custody of his children, and to be convicted and sentenced to 25 years for a crime.

Prisoners have rights to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. Lewis v. Casey, 518 U.S. 343, 350 (1966); Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). Inmates have a fundamental, constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977), abrogated in part, Lewis, 518 U.S. 343. Interference with an inmate's access to the court constitutes a First Amendment violation. Lewis, 518 U.S. at 346, 350. Bounds made clear that inmates have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825 (emphasis added). However, an inmate alleging denial of access to the court cannot establish a claim simply by establishing the law library or legal assistance is subpar in a theoretical sense. Lewis, 518 U.S. at 351. Rather, a prisoner must allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a legal claim. The injury requirement "is not satisfied by just any type of frustrated legal claim." Id. at 354. Rather, the types of legal claims protected are limited to direct criminal appeals, petitions for writ of habeas corpus, and civil rights actions brought under section 1983 to vindicate basic constitutional rights. See id. (citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis omitted).

As discussed above, Plaintiff's § 1983 claim is related to his criminal conviction and thus is barred by Heck. Plaintiff has not alleged that any of his other lost opportunities was for a direct criminal appeal, petition for writ of habeas corpus, or § 1983 civil rights action to vindicate basic constitutional rights that would satisfy the "actual injury" requirement for an access-to courts claim. Therefore, Plaintiff fails to state a claim for denial of access to the courts in violation of the First Amendment.

## VI.     Fourteenth Amendment Conditions of Confinement Claim

The elements of a pretrial detainee's Fourteenth Amendment conditions of confinement claim against an individual defendant are: (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take objectively reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (alteration in original) (footnote, citation, and internal quotation marks omitted); see also Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018); Watkins v. Tuolumne Cty. Jail, 2019 WL 2177642, at *5 (E.D. Cal., May 20, 2019).

Plaintiff alleges a Fourteenth Amendment deliberate indifference and cruel and unusual punishment claim against Defendants, but he has not alleged facts showing that any of the Defendants made a decision with respect to Plaintiff's conditions of confinement that put Plaintiff at an obvious and substantial risk of suffering serious harm, causing Plaintiff to suffer injuries. Therefore, Plaintiff fails to state a claim for adverse conditions of confinement in violation of the Fourteenth Amendment.

## VII.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court finds that Plaintiff's § 1983 claims against Defendants Luz, Townsend, and Captain-2015, are barred by Heck v. Humphrey and the Statute of Limitations. Therefore, the Court shall recommend that this case be dismissed, with prejudice.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed, with prejudice, as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and the applicable Statute of Limitations; and

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge ultimately assigned to the case, pursuant to the provisions of Title 28 USC 636(b)(1). Within **fourteen days** from the service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations". Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F3d 834, 838-39.

IT IS SO ORDERED.

Dated:   **December 12, 2022**               **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE