# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MADERA COUNTY JAIL CAPTAIN 2015, et al.,<br><br>        Defendants. | 1:21-cv-01586-JLT-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 21.)<br><br>ORDER DISMISSING THIS CASE, WITH PREJUDICE, AS BARRED BY *HECK V. HUMPHREY* AND THE STATUTE OF LIMITATIONS<br><br>ORDER FOR CLERK TO CLOSE CASE |

    The assigned magistrate judge issued findings and recommendations recommending that this case be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the applicable statute of limitations. (Doc. 21.) Plaintiff filed objections. (Doc. 26.)

    According to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. First, the findings and recommendations correctly conclude that many of Plaintiff's claims are barred by *Heck*. (Doc. 21 at 5–6.) Plaintiff does not contest this point. (Doc. 26 at 3.) A few other points raised in Plaintiff's objections merit some discussion.

    Plaintiff argues that his claims are not barred by the statute of limitations because he did

not know until 2020 that the defendants' acts in refusing him legal materials were unlawful. (*See* Doc. 21 at 8.) The findings and recommendations reject this argument, concluding instead that the record suggests Plaintiff had knowledge of the facts underlying his claims in 2015. (*See id*. at 9 (indicating that Plaintiff's own complaint "clearly demonstrates that Plaintiff knew in 2015 that his rights were being violated by Defendants and that he attempted to pursue exhaustion").) In support of this conclusion, the magistrate judge pointed to the following allegation in the first amended complaint: "In Madera County Jail they do not have a grievance appeals process for the year of 2015 and if they did they denied me the ability to access it and the knowledge to exhaust remedies. I filed a [sic] inmate request form for the purpose [sic] it was all they provided." (*See id*. (citing Doc. 11 at 8).) The magistrate judge reasoned that "[t]his statement supports the fact that Plaintiff knew at the time that Defendants were violating his rights and he followed up by filing an inmate request form as 'they do not have a grievance appeal process." (*Id*.) Plaintiff appears to object to this finding on the ground that he did not at that time understand the grievance process, his constitutional rights, or how to bring a lawsuit under § 1983. (Doc. 26 at 7–8.) Plaintiff misunderstands what triggers the running of the statute of limitations. It is not his knowledge of the <u>law</u> that triggers the limitations period; rather, it is his knowledge of <u>facts</u> that might give rise to a claim. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (statute of limitations period generally begins when plaintiff has knowledge of "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury"). Given this, the magistrate correctly concluded that his filing of an inmate request form suggests he had knowledge of the critical facts giving rise to the claims he now presents in this lawsuit.

Plaintiff also argues that the statute of limitations should be equitably tolled because he was under duress. (Doc. 18 at 4.) The findings and recommendations conclude that Plaintiff has not established entitlement to equitable tolling because Plaintiff failed to tie any defendant's actions to the claimed sources of duress. (*See* Doc. 21 at 9–11.) In his objections, Plaintiff explains, among other things, that the defendants' actions "frustrated me and impeded me so much that I had a mental breakdown so much so I and cut myself and ended up in a mental hospital and gave up." (Doc. 26 at 8.) This transfer to a mental health facility apparently

happened around the time Plaintiff was transferred out of Madera County Jail to state prison in March 2016. (*See* Doc. 21 at 8; see also Doc. 18 at 2.) He also mentions that he suffers from schizophrenia, bipolar disorder, and mood disorder. (Doc. 18 at 2.) California's equitable tolling rules control in this § 1983 action. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). California Code of Civil Procedure § 352(a) provides for tolling if the plaintiff lacks the legal capacity to make decisions[1] at the time the cause of action accrued.  Section 352(a) has been applied to periods of time when, for example, a plaintiff is in a coma, *Feely v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 951(1991), is "incompetent, without basic physical or cognitive skills," *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal. App. 4th 94, 96 (2001), or has "a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 571 (1968). However, the absence of capacity <u>must exist at the time the cause of action accrues to toll the limitations period</u>. Cal. Code Civ. Proc. § 357. "Once the cause of action has accrued and the statute of limitations has begun to run, no later disability can suspend it." *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal. App. 2d 704, 707 (1950); *see also Shehee v. Cosby*, No. 1:16-CV-00354-DAD-SAB (PC), 2017 WL 202182, at *3 (E.D. Cal. Jan. 17, 2017) (applying § 357 and *Larson* in § 1983 case to find that incompetency that occurred after claims accrued did not toll the limitations period), *aff'd sub nom. Shehee v. Valley*, No. 17-15569, 2017 WL 8727426 (9th Cir. Dec. 18, 2017). Nothing in the record suggests Plaintiff was suffering from a qualifying incapacity at the time of the events complained of in this case. Therefore, under California equitable tolling rules, his mental health status in 2016 does not entitle him to tolling here. As a result, the Court will adopt the findings and recommendations' conclusion that equitable tolling does not save Plaintiff's claims in this case. Thus, the Court **ORDERS**:

---

[1] The California Legislature amended Cal. Code Civ. Pro. § 352 in 2015 to replace the term "insane" with "lacking the legal capacity to make decisions," a "technical change[ ]," which did not change the meaning of the statutory provision in ways that are material to the present case. *See Bader v. Bank of Am.*, N.A., No. 2D CIV. B280551, 2018 WL 3867177, at *3 (Cal. Ct. App. Aug. 15, 2018).

1. The findings and recommendations issued by the magistrate judge on December 13, 2022, are **ADOPTED IN FULL**.
2. This action is **DISMISSED**, with prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the applicable Statute of Limitations.
3. The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **April 24, 2023**

_____
UNITED STATES DISTRICT JUDGE